IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02864-BNB

CHAD EVERETT MONTGOMERY,

Applicant,

v.

COMPLEX WARDEN DAVIS – FCI-Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Chad Everett Montgomery is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Montgomery initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum in support of the habeas corpus application. On January 6, 2010, Mr. Montgomery filed an amended habeas corpus application on the proper form and a memorandum of law in support of the amended application.

The Court must construe the amended application and other papers filed by Mr. Montgomery liberally because he is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Montgomery is challenging his expulsion from the BOP's residential drug abuse treatment program. Mr. Montgomery alleges that he entered the residential drug abuse treatment program in February 2009 and that he originally was scheduled to graduate from the program in November 2009. He further alleges that, after he had completed more than ninety-eight percent of the classes, he was expelled from the residential drug abuse treatment program in October 2009, apparently for receiving one or more disciplinary write-ups. As a result of his expulsion from the residential drug abuse treatment program, Mr. Montgomery no longer is eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

Mr. Montgomery claims in the amended application that he was denied due process in connection with his expulsion from the residential drug abuse treatment program because he was not allowed to challenge or defend against the disciplinary charges. In his memorandum of law in support of the amended application, Mr. Montgomery also asserts a claim that the decision to expel him from the residential drug abuse treatment program was arbitrary, capricious, and an abuse of discretion. The Court will address both claims.

The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Montgomery was not deprived of life or property. Therefore, he was not

entitled to any procedural protections unless he was deprived of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. **See Sandin v. Conner**, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. **See Morrissey v. Brewer**, 408 U.S. 471, 481 (1972). Generally, a liberty interest may arise from either the United States Constitution itself or from state or federal law. **See Fristoe v. Thompson**, 144 F.3d 627, 630 (10th Cir. 1998).

The Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. **See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex**, 442 U.S. 1, 7 (1979). Section 3621(e)(2)(B) also does not create a constitutionally protected liberty interest because that statute provides only that the BOP *may* reduce the sentence of a nonviolent offender who successfully completes the residential drug abuse treatment program. **See Fristoe**, 144 F.3d at 630. As a result, Mr. Montgomery's expulsion from the BOP residential drug abuse treatment program did not implicate a constitutionally protected liberty interest, he was not entitled to any procedural protections prior to being expelled from that program, and his due process claim in this action lacks merit and must be dismissed. **See id.** (rejecting due process claim by federal prisoner challenging BOP's interpretation of § 3621(e)(2)(B)).

Mr. Montgomery's claim that the decision to expel him from the residential drug abuse treatment program was arbitrary, capricious, and an abuse of discretion

apparently is asserted pursuant to 5 U.S.C. § 706(2)(A). Section 706(2)(A), part of the Administrative Procedure Act (APA), provides that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." However, the APA does not apply to the particular decision that Mr. Montgomery is challenging under § 3621(e)(2)(B). **See** 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of Title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Therefore, any claim Mr. Montgomery may be asserting pursuant to the APA also must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02864-BNB

Chad Everette Montgomery
Reg No. 79125-180
FCI - Florence
P.O. Box 6000
Florence, CO 81226


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk